# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned On Briefs March 29, 2011

## STATE OF TENNESSEE v. ALFRED GETTNER

**Appeal from the Criminal Court for Sullivan County**
**No. S52968, S54545, S56388, S56444    R. Jerry Beck, Judge**

_____

**No.  E2010-00104-CCA-R3-CD - Filed August 19, 2011**

_____

In 2007, 2008, and 2009 in Sullivan County, Appellant, Alfred Gettner, was charged by presentment, indicted, and consented to prosecution by information for various counts consisting of four counts of violating an habitual traffic offender order, one count of driving under the influence ("DUI"), third offense, and one count of failing to yield to an emergency vehicle.  On May 1, 2009, Appellant entered a negotiated plea to four counts of violation of a habitual traffic offender order, one count of DUI, first offense, and one count of failing to yield to an emergency vehicle.  The agreed to sentence was an effective sentence of six years.  Appellant requested an alternative sentence.  The trial court held a hearing and denied Appellant's request.  Appellant appealed to this Court and argued that the trial court erred in denying his request for an alternative sentence.  Because Appellant failed to include a copy of the transcript from his guilty plea hearing, he has waived the presentation of his issue to this Court.  Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which J.C. MCLIN, J., joined and JAMES CURWOOD WITT, JR., filed a concurring opinion.

Raymond C. Conkin, Jr. Kingsport, Tennessee, for the appellant, Alfred Gettner..

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Greeley Wells, District Attorney General, and Brandon H. Haren, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In February 2007 in Sullivan County, Appellant was charged by presentment with one count of violation of an habitual traffic offender order, one count of driving under the influence of an intoxicant ("DUI"), and one count of DUI, third offense as a result of an incident which occurred on October 21, 2006. Also, in February 2008, the Sullivan County Grand Jury indicted Appellant for one count of violation of an habitual traffic offender order and failure to drive within the lane based upon an incident which occurred on September 4, 2007. On May 1, 2009, Appellant waived his right to be charged by indictment or presentment and consented to prosecution by information for violation of a habitual traffic offender order and failing to yield to an emergency vehicle for incidents that occurred on October 17, 2008; and for violation of a habitual traffic offender order for an incident that occurred on December 31, 2008.

On May 1, 2009, Appellant entered an *Alford* plea[1] to four counts of violation of the habitual motor vehicle offender act, one count of DUI first offense, and one count of failure to yield to an emergency vehicle. As part of his negotiated plea, Appellant agreed to an effective sentence of six years as a result of an eighteen-month sentence for each violation of the habitual motor vehicle offender act to be served consecutively. On October 8, 2009 and December 22, 2009, the trial court held an alternative sentencing hearing. At the time of the hearing, Appellant was ninety-two years old. At the beginning of the hearing on October 8, 2009, the trial court stated the following:

> Now, the Court has been – had great concerns about the Defendant's age. Quite frankly, in my 40 years of license to practice law. [sic] I'm aware of no one from Sullivan County that was 91 years of age that appeared before the Court for sentencing. And humanity tells you something. And I probably exercised maybe too much humanity in the past. And, because, you know, it's – judges don't like to put 91-year-old people in prison. But the Defendant has such a record . . . [.]

> We've done things like, one of his first conviction, required to put his car up on blocks, park it down the road, and ordered the sheriff's department to make sure it was there on blocks. Then I found out he had another car when he got arrested. That didn't work. I think he might have got away with that a few times on the blocked-up cars. What we'd do, we'd jack them up and take the wheels off, and try to give him minimal sentences. And he had to

---

[1] This type of plea is named after *North Carolina v. Alford*, 400 U.S. 25 (1970), in which the United States Supreme Court discussed the right of an accused to plead guilty in his best interest while professing his actual innocence.

serve some major times because he got to be a multiple offender at one time where he [served forty-five days]

. . . .

And we monitored him in jail very carefully because of his age.

. . . .

Then we'd get him out of jail and put him back on probation . . . . Mainly, quite frankly, due to his age. And he's very agreeable long as he don't [sic] run into anybody. That's the big danger.

The trial court and the lawyers discussed many different options to prevent Appellant from serving his time in prison. These options included living with a relative, living in an assisted living facility, and having his in-home caregiver drive him if he would agree to surrender his car keys to the court. The trial court continued the hearing until December 10, 2009, for Appellant's attorney to explore other options for Appellant.

However, on December 10, 2009 when the hearing continued, the fact that Appellant had received a new charge for violation of the habitual traffic offender act on November 25, 2009 between the dates of when the hearing was held and the continuation of the hearing. The trial court denied Appellant's request for alternative sentencing. The trial court stated the following:

For the review of the presentence report, the Defendant has continued activities driving automobiles when he can't; driving while he's drunk, can't. Even though he's 92 years old, I'm going to deny probation an alternative sentencing in all forms and kinds. Just have to serve your sentence, [Appellant].

Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant argues that the trial court erred in denying his request for probation or alternative sentencing by improperly weighing the enhancement and mitigating factors

-3-

applied to Appellant's sentence and that the requirement of incarceration of Appellant is contrary to the sentencing principles set out in Tennessee Code Annotated section 40-25-103.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders:

> [A]nd who is an especially mitigated offender or standard offender convicted of a Class C D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary . . . . A court shall consider, but is not bound by, this advisory sentencing guideline.

T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347. For offenses committed on or after June 7, 2005, a defendant is eligible for probation if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a) (2006).

-4-

All offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *see also State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

Initially, we note that the State argues that this issue is waived because Appellant has failed to include a transcript from the guilty plea hearing. "[T]he appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the basis of appeal." Tenn. R. App. P. 24(b). In addition, when a record is not complete and does not contain relevant information, this Court must presume that the trial court was correct in its ruling. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993); *State v. Cooper*, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987). With regard to the failure to include a guilty plea hearing transcript, we have stated the following:

This Court has previously noted,

> For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

*State v. Keen*, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999) (citation omitted). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under [Tennessee Code Annotated section] 40-35-210(b)." *State v. Shatha Litisser Jones*, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App., at Jackson, July 14, 2003).

*State v. Chadwick Allen Johnson*, No. 2005-02219-CCA-R3-CD, 2008 WL 1850808, at *4 (Tenn. Crim. App., at Knoxville, Apr. 25, 2008).

We conclude that the absence of the guilty plea transcript precludes our ability to review Appellant's sentence. Therefore, this issue is waived. This was Appellant's sole issue on appeal, therefore, we must affirm the trial court's denial of alternative sentencing.

## **CONCLUSION**

For the foregoing reasons, we dismiss this appeal.

_____
JERRY L. SMITH, JUDGE